LEMP *v.* RAVEN.

Religious Societies — Schism — Church Property — Right of Possession.

　　Where the constitution of a religious society provides that it shall not be altered except by request of two-thirds of the whole society, amendments involving substantial changes, proposed and adopted by the general conference otherwise than in accordance with the constitutional provision, are invalid, and those members, though a minority, who adhere to the original constitution, are entitled to the possession of the real estate belonging to such society. *Bear* v. *Heasley,* 98 Mich. 279, followed.

Appeal from Kent; Grove, J. Submitted April 30, 1897. Decided June 7, 1897.

Bill by Adam Lemp and others, trustees of the First Church of Sparta of the United Brethren in Christ, against Wallace J. Raven and others, to recover posses-

sion of certain church property. From a decree dismissing the bill, complainants appeal. Reversed.

*Taggart, Wolcott & Ganson (Butterfield & Keeney,* of counsel), for complainants.

*Taggart, Knappen & Denison* and *W. B. Williams,* for defendants.

LONG, C. J. The bill in this case alleges, substantially, that the complainants were duly elected trustees of the church; that a church was erected in Sparta in 1875, and a parsonage in 1880; that the defendants, in November, 1891, by force, broke into the church, removed the lock therefrom, and since such date have so retained the property; that in 1892 the defendants took forcible possession of the parsonage of said church, and have continuously held possession thereof; that such action is illegal and void.

The case is on all fours with that of *Bear* v. *Heasley,* 98 Mich. 279, and must be ruled by it. That case was fully argued in this court, and after the decision a motion for rehearing was made upon briefs covering many pages, by eminent counsel. The rehearing was denied. We are now asked to open up the whole controversy settled there, and make a different ruling. No new facts are shown. The record in this case is like the former one. The court below, not being governed by the rule in *Bear* v. *Heasley,* entered a decree in favor of defendants, from which complainants now appeal. We gave the parties to this controversy a full hearing upon oral argument, but are unable to agree with them, or see any reason now for overruling *Bear* v. *Heasley.* That case settled the law of this State, whatever the courts of other States may hold.

The decree of the court below must be reversed, and a decree entered here in accordance with the prayer of the bill, with costs of both courts in favor of complainants.

. HOOKER and MOORE, JJ., concurred with LONG, C. J. MONTGOMERY, J., did not sit.

GRANT, J. (*concurring*).   I agree with my brother, the CHIEF JUSTICE, that the issues in this case are identical with those in *Bear* v. *Heasley*, 98 Mich. 279, and that the decree in this case cannot be sustained without overruling that case.   While I find no occasion to modify my views of this unfortunate church controversy as expressed in that case, I concur in the opinion that the question is *stare decisis*, and should not be overruled unless the justices concurring in the majority opinion should so decide.   For this reason I concur in the reversal of the case.