MYAR v. POE.

Opinion delivered July 2, 1906.

1. CORPORATION—FILING ANNUAL CERTIFICATE—POWERS OF VICE-PRESIDENT.— Under Kirby's Digest, § § 848, 859, requiring the president and secretary of business corporations to file annually a certificate showing the amount of capital paid, the value of its real and personal property, including credits, the amount of its debts, the name and number of shares of each stockholder, etc., such certificate may be filed by the vice-president and secretary, where the president is absent from the county. (Page 468.)

2. CORPORATION—BY-LAW.—A provision in the articles of association of a corporation for the election of a vice-president is a by-law within Kirby's Digest, § 843, providing that the directors of a corporation shall choose a president, secretary and treasurer and "such other officers as the by-laws of the corporation shall prescribe." (Page 469.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield*, Judge; reversed.

*Morris M. Cohn*, for appellant.

1. This is a penal suit, or, at least, a suit *ex delicto* to enforce a statutory liability. The justice of the peace had no jurisdiction, and the circuit court acquired none on appeal. Kirby's Digest, § § 848, 859; art 7, § 40, Const.; 101 U. S. 188; 113 U. S. 452; Thompson, Liability of Directors, 455, 456; *Ib.* 416;

*Ib.* 425; 146 U. S. 567; 64 Ark. 271; 37 Mich. 416; 12 Met. (Mass.), 249; Mechem, Agency, § 539; 68 Ark. 440; 146 U. S. 674; 114 Fed. 290; 96 N. Y. 323; 113 U. S. 457; 35 Ark. 622; 39 Ark. 463; 52 Ark. 240; 62 Ark. 360; 56 Ark. 592; 48 Ark. 301; 7 Ark. 172; 43 Ark. 375; 197 U. S. 154.

2. The action was premature. The primary liability is on the corporation, which ought to be enforced before seeking to impose a secondary liability. 93 U. S. 228; 113 U. S. 302; 3 Bradw. (Ill. App.), 191; *Ib.* 202; 24 Ga. 273; 41 Fed. 459; 34 Ark. 323; 71 Ark. 1; 20 Wall. 520, and authorities *supra.*

3. The intent of the law was fully complied with when a report for the year ending July 1, 1903, was signed, verified and filed by the vice-president of the company. 4 Thomp. Corp. § 4687. No issue is raised as to the correctness of the reports. 3 Thomp. Corp. § 4235; 26 Pac. 812. See also 58 Hun (N. Y.), 87; 29 Barb. (N. Y.), 196.

*E. B. Kinsworthy* and *Marshall & Coffman,* for appellee.

1. The statute is not penal. 68 Ark. 433, and authorities cited; 10 Cyc. 854-5-6. The liability therefore must be contractual. 3 Thomp. Corp. § 4164; 76 Fed. 695; 61 Minn. 375; 11 Neb. 243; 45 N. W. 923; 118 Mass. 295; 176 U. S. 599; 14 S. C. 494.

2. The statement filed July, 1, 1903, did not comply with the law, because it was not signed and sworn to by the president and secretary; because it did not show the condition of the business on that date, and because the affidavit does not show that it is a true and correct statement of the business on that date. 79 N. Y. Sup. 437; 56 *Id.* 542; 65 *Id.* 391; 50 *Id.* 265; 67 How. Practice, 204; 40 N. Y. Sup. 1081; 79 Fed. 919; 86 Fed. 443; 47 N. Y. Sup. 302.

BATTLE, J. Franklin Bros. Company was a corporation organized under the laws of Arkansas. Its domicil and place of business was Little Rock, Arkansas. Henry W. Myar was its president; J. P. Franklin, vice-president; Joe A. Franklin, secretary, and Oscar Davis, treasurer.

Sections 848 and 859 of Kirby's Digest are respectively as follows:

"Sec. 848. The president and secretary of every corporation organized under the provisions of this act shall annually

make a certificate showing the condition of affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or July next preceding the time of making such certificate, in the following particulars, viz.: The amount of capital actually paid in; the cash value of its real estate; the cash value of its personal property; the cash value of its credits; the amounts of its debts; the name and number of shares of each stockholder, which certificate shall be deposited on or before the 15th of February, or of August, with the county clerk of the county in which said corporation transacts its business, who shall record the same at length in a book to be kept by him for that purpose.

"Sec. 859. If the president or secretary of such corporation shall neglect or refuse to comply with the provisions of section 848 and to perform the duties required of them respectively, the person so neglecting or refusing shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of any such neglect or refusal."

A. B. Poe brought an action against Franklin Bros. Company, H. W. Myar and J. A. Franklin, before a justice of the peace of Pulaski County. He stated in his complaint that "he is a creditor of Franklin Bros. Company, a corporation duly organized and doing business under the laws of Arkansas, with its offices and domicil in Pulaski County. That plaintiff's debt amounts to $150, all of which has been incurred during the calendar year 1904. That defendants are and have been for the last two years or more president and secretary respectively of said corporation, and as such officers it became their duty to annually file with the clerk of the Pulaski County Court a verified statement. showing the condition of the affairs of said corporation on the first day of January, or of July, next preceding time of filing same. That they have wholly failed and refused to file such statement, and have been in default thereof for two years last past until July 7, 1904, and that plaintiff's debt was incurred by said corporation during the period of such default. Plaintiff alleges that said defendants are jointly and severally liable to plaintiff for its said debt." And he asked for judgment against the defendants for its debt, interest and costs.

Plaintiff recovered judgment before the justice of the peace, and defendants appealed to the circuit court.

Myar filed an answer in the circuit court, denying the allegations of the complaint.

The court, sitting as a jury and trying the issues in the case, found the facts and law as follows: "The court finds that Franklin Bros. Company was a corporation organized under the laws of Arkansas; that H. W. Myar was president; that the annual statements of said corporation were filed February 12, 1902, July 1, 1903, and July 4, 1904; that the statement filed July 1, 1903, was signed and sworn to by J. P. Franklin, vice-president, and J. A. Franklin, secretary; that the indebtedness sued for was contracted between January 1, 1904, and May 1, 1904; that the statement filed July 1, 1903, was not sufficient to relieve H. W. Myar; that he is liable for the amount of ($137.60) one hundred and thirty-seven dollars and sixty cents, with interest from July 1, 1904, that being the date of the filing of this suit in Justice Wilson's court."

The court thereupon rendered judgment in favor of plaintiff against Myar for $146.55 for his debt and damages; and Myar appealed.

At the time the statement was filed on July 1, 1903, Myar, the president, was absent at Camden, in this State, and J. P. Franklin, the vice-president of the company, was discharging the duties of president. It was his duty to act as president, and perform the duties which devolve upon that office; and his discharge of such duties, in the absence of Myar, had the same effect as the performance of them by the president; and the filing of the statement on July 1, 1903, was a compliance with section 848 of Kirby's Digest. *Smith* v. *Smith*, 62 Ill. 493; *Pond* v. *National Mortgage, etc., Co.*, 6 Kan. App. 718; *Colman* v. *West Virginia Oil, etc., Co.*, 25 W. Va. 148. The statute did not require the president and secretary to file another statement before the first of July, 1904, and they were not in default when the debt to appellee was contracted, it having been contracted between January 1, 1904, and May 1, 1904; and they are not liable for it. The correctness of the statement filed July 1, 1903, is not questioned in this action, but is virtually conceded.

Reversed and remanded for a new trial.

ON REHEARING.

Opinion delivered July 23, 1906.

BATTLE, J. Appellee, in his motion for re-consideration, insists that J. P. Franklin was not, under the statute, or by-laws of the Franklin Bros. Company, vice-president of the company; and that the statute provides that the directors of a corporation shall choose a president, secretary and treasurer and "such other officers as the by-laws of the corporation shall prescribe" (Kirby's Digest, § 843), and the Franklin Bros. Company had no by-laws. The undisputed facts show that J. P. Franklin was vice-president. This fact was not questioned in the trial court. But appellee argues that the directors of the company were not authorized by the statute or the by-laws of the company to elect him vice-president. This is not true. The articles of association of the company provide for the election of a vice-president. This is a by-law within the meaning of the statute authorizing the election of a vice-president. It is not essential to the validity of a by-law that it be enacted in any particular form. The statutes or the articles of association of the company do not prescribe any. In the absence of such requirements, it may be adopted "by the uniform course of proceedings of a corporation, as well as by an express vote manifested in writing. It has been said, speaking with reference to the question whether a certain by-law had been enacted, 'even if there was no record, or the record was deficient, we consider it settled by the authorities that the enactment of a by-law need not necessarily be in writing, but may be inferred from facts proved.'" *Lockwood* v. *Mechanics' Nat. Bank,* 11 Am. Rep. 253, 267; *Bank of Holly Springs* v. *Pinson,* 58 Miss. 421; 1 Thompson's Com. on the Law of Corporations, § 943, and cases cited; 1 Cook on Corporations (4 Ed.), § 4a and cases cited. But, as the by-law in this case is in writing. it is not necessary for us to go to that extent.

Motion for re-consideration is overruled.