IN THE MATTER OF THE APPLICATION OF ROBERT HORNER FOR A WRIT OF MANDAMUS AGAINST KUKAIAU PLANTATION COMPANY, LIMITED, A HAWAIIAN CORPORATION, AND ALBERT HORNER, PRESIDENT OF SAID CORPORATION.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 30, 1912.            DECIDED FEBRUARY 2, 1912.

ROBERTSON, C.J., DE BOLT, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF PERRY, J.

CORPORATIONS—*by-laws, amendment or waiver of.*

A by-law of a corporation may be waived or set aside for the time being or permanently amended, without formal action, by a course of corporate conduct inconsistent therewith in which all the stockholders have acquiesced notwithstanding another by-law provides that all motions to amend the by-laws shall require a three-fourths vote of the shares of the company.

Horner v. Kukaiau Plantation Co., 21 Haw. 13.

SAME—*change of date for annual meeting by acquiescence.*

    A by-law provided that the annual meeting of the corporation should be held in the month of October, but following an informal agreement or understanding had between some of the stockholders present at a meeting held on June 5, 1902, the annual meeting thereafter was held in the last week of February of each year without protest or objection on the part of any stockholder. Another by-law provided that the officers should hold office for one year from their appointment and thereafter until the appointment of their successors. Held, that a stockholder whose stock was represented and voted at the annual meeting held in the last week of February, 1911, could not demand that an annual meeting for the election of officers be held before the last week of February, 1912, though he was not present at the meeting held on June 5, 1902, and now owns the majority of the stock of the corporation.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal from an order made on December 29, 1911, by a judge of the circuit court of the first circuit allowing a peremptory writ of mandamus commanding the Kukaiau Plantation Company to forthwith hold its annual meeting for the year 1911, and Albert Horner, as president of the corporation, to forthwith call such meeting.

The alternative writ showed, among other things, that the petitioner, Robert Horner, owns a majority of the shares of the capital stock of said corporation; that the by-laws provide that the company shall hold an annual meeting at Honolulu in the month of October of every year, and that the power of calling all meetings is vested in the president of the company; that notwithstanding the month of October had expired no annual meeting for the year 1911 was held; that since the expiration of the month of October and prior to the date of the filing of the petition, December 16, 1911, the petitioner frequently demanded of the said corporation and Albert Horner, its president, that the annual meeting for 1911 be called forthwith, but that said corporation and said Albert Horner refused to call or hold such meeting; that the petitioner desires to have

new officers elected for said corporation, of having a financial statement made showing the condition and standing of the company, and of having other business transacted at such annual meeting; and that the petitioner is greatly damaged and injured by reason of said refusal to call and hold such meeting. The joint and several return of the Kukaiau Plantation Company, Limited (erroneously sued as Kukaiau Plantation Company), and Albert Horner, president of said corporation, showed that the said Albert Horner has held the office of president of the company since May 18, 1907, on which date he was elected president at a special meeting of the stockholders; that he was last re-elected as such officer at an annual meeting of the corporation held on the 25th day of February, 1911; that the by-laws, a copy of which was attached to the return, provide that the officers shall hold office for one year from their appointment and thereafter until the appointment of their successors; that at a special meeting of the stockholders held on June 5, 1902, pursuant to call, in the office of H. Hackfeld & Company, Limited, at Honolulu, for the purpose of accepting the resignations of certain of the officers, at which meeting all of the shares of stock of said Kukaiau Plantation Company, Limited, including the shares of the petitioner, "were present," after officers were elected, "the attention of the stockholders was called to the fact that at each annual meeting theretofore held it became necessary to adjourn the same from the time mentioned in the by-laws, to wit, sometime in the month of October, until sometime after the first of each year, in order to receive the reports which were only made out at the end of the fiscal year, December 31st, and it was then agreed that annual meetings should thereafter be held in the last week of the month of February, said month of February being the month during which annual meetings of sugar companies in the Territory of Hawaii were at that time generally held; and it being thought best to hold said meeting in the latter part of February in order to give the accountants time to pre-

pare a financial report;" that on the 25th day of February, 1903, an annual meeting, due notice of which was given to all of the stockholders, was held, at which meeting all of the shares of the stock of the company were "present and voting" and the officers elected on June 5, 1902, were re-elected; that on the 27th day of February, 1904, the same officers were re-elected for another term; that on the 27th day of February, 1905, an annual meeting was held, and the annual statements not having come to hand, it was adjourned to March 20, 1905, when it was further adjourned to March 27, 1905, at which time, all of the shares of the stock of the company being represented, the incumbent officers were re-elected; that in the last week of February of each year thereafter an annual meeting of the stockholders was held at which officers were elected, at all but one of which, the return alleged, the shares of stock of the petitioner were represented; that at the annual meetings so held in 1909, 1910 and 1911, Robert Horner was elected vice-president of the company; that pursuant to the agreement and understanding of all the stockholders entered into on the 5th day of June, 1902, the annual meeting of the company has since been held in the last week of the month of February of each year and that in the change so made each and all of the stockholders have acquiesced; that, upon information and belief, by the course of conduct pursued by the stockholders of said company the by-law requiring an annual meeting to be held in the month of October has been abrogated and repealed, and that by the course of conduct of said stockholders acquiesced in by each and all and participated in by all, the annual meeting of said corporation must be held in the last week in the month of February, until the same is changed by vote of the stockholders as provided in the by-laws; and that pursuant to the custom and practice of the company the president has called the annual meeting of the stockholders for the 26th day of February, 1912.

The petitioner moved to quash the return on the grounds

that it "does not set up sufficient excuse for non-performance;" that it "sets forth no sufficient cause or defense;" and that it "is insufficient in law." The court below granted the motion and ordered the issuance of a peremptory mandate as above stated. The respondents appealed.

Counsel for the petitioner points out that the by-laws require the secretary to "record the proceedings at all meetings, keep the by-laws and the charter of the company," and that it was not alleged that any vote was taken on any proposition to change the by-laws, and they contend that Robert Horner, not being personally present at the meeting of June 5, 1902, which was a special one called merely for the purpose of accepting the resignations of the officers of the company, was not bound by the agreement alleged to have been made with reference to the holding of the annual meeting in February instead of October of each year. They also point out and lay stress upon the fact that the by-laws provide that "all motions to alter, vary or add to these by-laws * * * shall require a three-fourth vote of the shares of the company," and contend, upon authorities cited, that a by-law can be amended only in the manner called for. Counsel urge with much force and reason that courts should be slow to find regularly adopted by-laws of a corporation to have been changed by "haphazard" and "slipshod" methods, and that it would only be reasonable to hold that by-laws are to be altered only in the manner prescribed in the by-laws themselves and after notice to the stockholders of the intention to amend them.

On the other hand, as above stated, the return shows that the petitioner has all along known that since 1902 no annual meeting of the company has been called for the month of October, but that the meeting has been held in February of each year, and that the petitioner acquiesced and participated in the change. Conceding that the petitioner was not bound by the understanding reached at the meeting of June 5, 1902, and, notwithstanding the agreement, might have insisted on

the observance of the by-law, it appears that he did not take that course, but remained silent until November, 1911, when he requested that the annual meeting be called forthwith. The importance of the petitioner's conduct in this regard is illustrated by the case of *Elkins* v. *Camden Railroad Co.,* 36 N. J. E. 467. In that case a board of directors acting without authority adopted a by-law changing the date for holding the annual meeting of the stockholders, and the court held that the stockholders, by meeting on the changed date and proceeding without protest or objection, must be regarded as having assented to the change, and that subsequent meetings should be held on the day so fixed. Subsequently to that change the directors attempted by resolution to again change the time of the annual meeting, the effect of which change would have been to prolong their term of office, and it was ruled that the change should be enjoined at the instance of an objecting stockholder.

By-laws are adopted for the regulation of the business of the corporation and the conduct of its officers. They are obligatory on all the stockholders, but, like the terms of a contract, some or all of them may, by the unanimous mutual consent of the parties be waived or set aside for the time being or permanently amended, and an agreement to so set aside or amend a by-law may be shown by acts and conduct as well as by words.

It has been held that unless it is otherwise provided by statute or the terms of the articles of association by-laws may be adopted by the acts and conduct of the corporation as well as by express vote or adoption in writing. *Graebner* v. *Post,* 119 Wis. 392; *Myar* v. *Poe* (Ark.), 95 S. W. 1005; *Bank* v. *Pinson,* 58 Miss. 421, 439; *Marsh* v. *Mathias,* 19 Utah 350. In *Buck* v. *Troy Aqueduct Co.,* 76 Vt. 75, 80, it was said, "that a by-law may be modified by unanimous consent of the stockholders to a regular course of corporate action inconsistent therewith is well settled."

In the case at bar it is immaterial whether the by-law in question be regarded as having been permanently amended or

merely set aside for the time being. The meeting held on the 25th day of February, 1911, at which the present officers of the corporation were elected, was called as an annual meeting. It was not an adjourned meeting originally called for October. It is alleged in the return that Robert Horner's stock was "present" at that meeting. We understand the allegation to mean that the petitioner's stock was represented and voted at that meeting, and, therefore, that the petitioner participated in the election of officers then held. The officers so elected were, according to a by-law the validity and effectiveness of which is not questioned, elected to "hold office for one year from their appointment and thereafter until the appointment of their successors." Under such circumstances, we feel satisfied, the term of office of the present officers cannot be terminated within the year at the will of the petitioner though he be the owner of a majority of the shares of the corporation.

The motion to quash the return was improperly granted. The order appealed from is set aside and the case remanded to the circuit judge for further proceedings conformable hereto.

*A. L. Castle* and *C. H. Olson* (*Castle & Withington* and *Holmes, Stanley & Olson* on the brief) for Robert Horner.

*A. A. Wilder* and *C. S. Carlsmith* (*Thompson, Wilder, Watson & Lymer* and *C. S. Carlsmith* on the brief) for Kukaiau Plantation Company, Limited, and Albert Horner.

