## JONS LINDSTROM AND OTHERS v. LARS M. TELL AND OTHERS.[1]

November 26, 1915.

Nos. 19,435—(100).

**Religious society — finding sustained by evidence.**

1. Defendant church corporation was formed to establish and maintain a church which should adhere to the orthodox doctrines of the Swedish Evangelical Lutheran Church. The society of Mission Friends rejects many of these orthodox doctrines. The individual defendants, though members of defendant church, are adherents of the society of Mission Friends. The court found that they wrongfully excluded from the church a regularly called pastor of the Lutheran faith and those who desired to hear him. The finding is sustained by the evidence.

**Same — diversion of church property.**

2. The evidence also sustains a finding that these defendants placed in the pulpit of the church as its regular pastor, ministers of the denomination of Mission Friends, who taught its teachings and adhered to its forms, and rejected many of the teachings and ceremonials of the Lutheran church. Such acts constituted an unwarranted diversion of the church property.

**Same — property held upon trust.**

3. Where a church corporation is formed for the purpose of promoting certain defined doctrines of religious faith which are set forth in its corporate articles, the church property which it acquires is impressed with a trust to carry out that purpose, and a majority of the congregation cannot divert the property to other inconsistent uses against the protest of a minority, however small.

[1] Reported in 154 N. W. 969.

Note.—As to litigation growing out of schism or division in religious society, see note in 24 L.R.A.(N.S.) 692.

**Same — schism — effect on property of society.**

4. The court found that the action of defendants constituted a schism in the church and that defendants had separated themselves therefrom. The evidence sustains the finding. In the event of a schism in a church, any church property devoted to the propagation of particular doctrines remains with the organization that remains loyal to those doctrines.

Action in the district court for Marshall county against Lars M. Tell and four other individuals, the Mamrelund Swedish Evangelical Lutheran Congregation, a corporation, and the president, secretary and trustees of that corporation, to recover possession of church premises in said county and the books and records, and to enjoin the defendants and their agents from interfering with plaintiffs as the true and only Mamrelund Swedish Evangelical Lutheran Congregation and C. G. Gronberg, its pastor, in teaching the doctrines and faith of the Swedish Evangelical Lutheran Church in its place of worship and in the free use and possession of the records and premises described in the complaint; to expel defendants from that congregation and their rights as members thereof and to the property belonging thereto. The case was tried before Grindeland, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Stanton & Rowberg,* for appellants.

*O. A. Naplin, Charles Loring* and *G. A. Youngquist,* for respondents.

HALLAM, J.

The Swedish Evangelical Lutheran Church is a large religious denomination, the churches of which are associated together in the Augustana Synod. The denomination is strictly orthodox in its beliefs, and conducts worship according to certain established forms.

The Mamrelund Swedish Evangelical Lutheran Congregation is a church corporation owning a church edifice in the town of Lincoln, in Marshall county, Minnesota. The corporation was formed to establish and maintain an Evangelical Lutheran church, to provide a place of public worship for the same, and to receive as members persons adhering to the Christian doctrine according to the tenets of the Evangelical Lutheran Church, but it is not in the Augustana Synod.

The Evangelical Missionary Covenant of North America, commonly known as the Mission Friends, is a religious denomination which rejects many of the orthodox articles of faith and many of the forms and practices of the Lutheran churches.

The main points on which these denominations differ, as stated in the language of the trial court, are as follows:

"The Mission Friends do not receive and adhere to the Confessions of the Swedish Lutherans, the Unaltered Augsburg Confession and Luther's Small Catechism, while the Swedish Lutherans do. The Mission Friends do not include in their services the Confession of Sins or the Apostolic Creed, while the Swedish Lutherans do." "The Mission Friends reject the doctrine of *Vicaria Christi,* while the Swedish Lutherans adhere strictly thereto." "The Mission Friends reject the objective side of the doctrine of Atonement, while the Swedish Lutherans adhere strictly thereto."

The contention of plaintiffs is that the individual defendants, though members of the Mamrelund church, have become adherents of the doctrines of the Mission Friends, have excluded the regular minister and members of the Mamrelund church from the church building, and have installed therein ministers of the denomination of Mission Friends.

The court found, and the fact is well established by proof, that defendants did by force exclude from the church Rev. C. G. Gronberg, an ordained Evangelical Lutheran minister who came to the church to preach, and did exclude those members of the congregation who desired to hear him preach.

There is a controversy, however, as to whether Rev. Gronberg was in fact the pastor of the church. This controversy arises as follows: A pastor is called by the congregation. In January, 1911, a vacancy having occurred in the pastorate, the congregation met and voted to call Rev. Gronberg. The secretary was instructed to draft a call in writing, using the language of a call used in a previous case. The secretary drafted a call in writing, but, instead of making it in the language of the former call, he, without authority, added to the call the condition that the minister called should "not publicly or among separate individuals endeavor to induce the congregation to seek admission into the Augustana Synod." Rev. Gronberg wrote and mailed a letter declining the call be-

cause of this condition. Before the letter was delivered Rev. Gronberg met with the secretary and some of the deacons of the congregation and told them he would not accept the call with this condition. He was then informed, both by the secretary and the others present, of the fact that the condition was inserted by the secretary without authority from the congregation, and the call as authorized was communicated to him and he accepted it.

We need not concern ourselves with the question whether the rejection of the call with the unauthorized conditions attached was complete upon its being mailed and before delivery to the secretary of the church, for the reason that all that pertained to the communication of the call by the secretary with this unauthorized condition attached was a mere nullity. The call made by the congregation was never communicated until the meeting between Rev. Gronberg and the deacons, and it was then and there accepted.

The conclusion is that Rev. Gronberg was the regularly constituted pastor of this church. It follows that the action of the individual defendants in forcibly excluding him from the church was wrong.

2. As above stated, the evidence shows that, after the exclusion of Rev. Gronberg, defendants placed in the pulpit of this church, as its regular pastor, ministers of the denomination of Mission Friends, who rejected the teachings and ceremonials of the Lutheran church. These defendants had no such authority. It would be useless here to enter into any dissertation as to the importance of questions of doctrinal belief. The members of this church deem them of importance. They have a right to worship in their own manner, and if they choose to establish a church which gives importance to matters of doctrine, and which requires that services and ceremonials be conducted in accordance with established form, that is their right, and that right is invaded when part of the congregation, without authority, place in the pulpit ministers of other beliefs, and who conduct the services of the church in a manner not according to the established rules and practices of their denomination. Any such use of the church edifice by even a majority, if less than all the congregation, is an unwarranted diversion of the church property. Mt. Zion Baptist Church v. Whitmore, 83 Iowa, 138, 49 N. W. 81, 13 L.R.A. 198; Schradi v. Dornfeld, 52 Minn. 465, 55 N. W. 49.

3. True, the deed by which the church property was acquired did not in terms impress it with a trust for the carrying out of any particular religious purpose. But this was not necessary. The church corporation was formed for certain well defined purposes, and the church property it acquired was devoted to those corporate purposes. It is the law of all corporations, that a mere majority of its members cannot divert the corporate property to uses foreign to the purposes for which the corporation was formed. There is no difference between church and other corporations in this regard. Where a church corporation is formed for the purpose of promoting certain defined doctines of religious faith, which are set forth in its articles of incorporation, any church property which it acquires is impressed with a trust to carry out such purpose, and a majority of the congregation cannot divert the property to other inconsistent religious uses against the protest of a minority, however small. The manner of use of the property of the church corporation, within the range of its corporate powers, may be determined by the majority of the congregation, but no majority, even though it embrace all members but one, can use the corporate property for the advancement of a faith antagonistic to that for which the church was established and the corporation formed. Roshi's Appeal, 69 Pa. St. 462, 8 Am. Rep. 275; Franke v. Mann, 106 Wis. 118, 81 N. W. 1014, 48 L.R.A. 856; Fuchs v. Meisel, 102 Mich. 357, 60 N. W. 773, 32 L.R.A. 92.

4. The trial court found that the acts and conduct of the defendants constitute a schism from the Swedish Evangelical Lutheran Church and from the Mamrelund Church. A schism is a separation in a church occasioned usually by diversity of opinion on religious subjects. Nelson v. Benson, 69 Ill. 27. Separation by reason of a schism is not like expulsion or excommunication. These terms necessarily involve involuntary and compulsory separation of members. A schism arises from voluntary secession. The evidence sustains a finding that a schism has arisen in this church and the defendants have separated themselves therefrom.

The constitution by which it is claimed this church is governed provides that, in the event of a schism of the congregation, the property of the church belongs to those who adhere to the constitution, which in turn is founded on the orthodox doctrines of the Lutheran Church.

This constitution was never formally adopted, but it is a "proposed constitution" recommended by the Augustana Synod for adoption by all Evangelical Lutheran congregations, and the court found that it was adopted by usage and custom of defendant church. No formalities were required for its adoption. The law is that, where no formalities are required in the adoption of by-laws, a by-law may be adopted by acts as well as by words, by a uniform course of proceedings of the corporation, as well as by an express vote manifested in writing. 10 Cyc. 354; Myar v. Poe, 79 Ark. 465, 95 S. W. 1005; Union Bank v. Ridgely, 1 Har. & G. (Md.) 324; Lockwood v. Mechanics Nat. Bank, 9 R. I. 308, 334; Graebner v. Post, 119 Wis. 392, 96 N. W. 783, 100 Am. St. 890. And we think the facts proved sustain a finding that this constitution was so adopted. Whether it was or not, is not, however, of vital importance, since it is a general rule of law that, in case of a schism, any church property devoted to the propagation of the doctrines of the church remains with the organization that remains loyal to those doctrines. Rottmann v. Bartling, 22 Neb. 375, 412, 35 N. W. 126; White Lick Quar. Meet. of Friends v. White Lick Quar. Meet. of Friends, 89 Ind. 136, 155.

This church is an Evangelical Lutheran church, incorporated as such, Its church property must be devoted to the purposes of that church. The judgment of the court enjoins defendants from interfering with the use and occupation of the property belonging to the Mamrelund church. Literally the decree is broad enough to exclude the church corporation from its property. Plaintiffs make no such claim, and ask us not to so construe the decree. The title to the property remains in the corporation. The judgment enjoining the individual defendants is right.

Numerous errors are assigned in the reception and rejection of evidence. We have examined them all with care and we find no reversible error.

Judgment affirmed.