## No. 8967.

### BAPTIST CITY MISSION SOCIETY v. PEOPLE'S TABERNACLE CONGREGATIONAL CHURCH.

1. CHURCH TEMPORALITIES—Alienation of. A mere majority of an ecclesiastical society are not authorized to transfer its church edifice to a society of a different denomination, without consideration, with the effect to leave the first society without a church in which to worship, or means to provide one, even though the action be taken at meeting regularly called for the purpose.

2. EVIDENCE—Conveyance of Lands—Purpose of not Expressed, may be shown by evidence aliunde.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. HENRY E. MAY, Mr. HENRY B. BABB, for plaintiff in error.

Mr. THOMAS H. HOOD, Messrs. MURRAY & INGERSOLL, for defendant in error.

Chief Justice Hill delivered the opinion of the court:

THIS controversy is between two religious corporations representing different religious denominations. It involves the ownership of what is called The People's Tabernacle, in the City of Denver. It appears that in 1884 the defendant in error was organized as The People's Tabernacle Congregational Church of Denver, and thus continued up to the time of this controversy. As per its name and articles of faith, it was understood to be what is termed a Congre-

gational church or society. It affiliated with the others of that denomination, and for a great many years received funds from the Congregational Home Missionary Society. In 1900 it acquired the land in controversy, and erected a church edifice thereon. The funds received for the purchase of other lots and buildings formerly owned by this society, as well as for these lots, and the construction of the building thereon were secured, some from its members, but principally by public donations through the efforts of its former pastor, the Reverend T. A. Uzzell, who devoted over a quarter of a century to the work carried on by this organization. There is testimony tending to show that, while many of those who made the largest contributions thus gave to him at his solicitation, upon account of their appreciation of his work, and their confidence in him, without regard to the denominational character of his church, and without any strings upon it—that is, as to how he or the organization was to use it. It was likewise shown that during the period in which practically all these funds were raised he was generally known and understood to be a Congregational minister, and that his church, while somewhat on the missionary order, was likewise recognized and understood to be a Congregational church. The record further discloses that under his pastorship the church, or mission, prospered and did much good in its community, and that at the time of his death, 1910, it was in a prosperous and healthy condition, both spiritually and financially; that it then had about $1,700.00 in its treasury; that the church property was of a value of about fifty thousand dollars, and was clear of incumbrance.

The record discloses that after Parson Uzzell passed away dissension arose among the membership of the church, occasioned apparently by inability to raise money, with the result that thereafter, at a meeting purported to be called for that purpose, and by a vote of the membership present, being sixty-four for, and fifty-eight against, a deed was authorized to be executed for the property to the Baptist City Mission Society, which it is conceded is a part of the

religious organization known as the Baptist denomination. This deed contains certain conditions. One was that the Baptist societies would pay all the debts of the Tabernacle Church, which then had reached about $700.00, and also a special improvement tax against the property of about $1,700.00; other clauses provided for membership, under certain conditions, of the members of the church in the Baptist Society. It also, under certain conditions, permitted a re-sale of the property. The result of its conditions, as a whole, permitted of its entire future control by the Baptist Church, and of that creed and faith. Protests were made by many of the minority who were present at the meeting. Later eighty-two members of the church signed a written protest. This was ignored, the conveyance made, possession given, and the property turned over to the new organization. This suit was brought to have the deed declared void, for its cancellation, etc. Trial was to the court, which found that the attempted transfer was a diversion of the temporalities of the said defendant in error church, and was in violation of the trust under and by virtue of which said temporalities were held, and a breach of duty on the part of those attempting to execute said deed, for which reason it was ordered cancelled, etc.

The defendant in error urges many irregularities in the proceedings leading up to the execution of the deed, and lack of performance with its conditions, which its counsel contend are alone sufficient to have the transaction set aside. As we view it, these matters need not be gone into, but assuming, without so holding, that they were regular and sufficient in the respects complained of, the question then to be determined is, can a majority of those present at a meeting, called for that purpose, order the execution of a deed to their church property to another denomination, practically without consideration, thereby leaving their own church society without any church edifice, or other place within which to worship, and where the result of the transaction makes it practically a gift of the property from one denomination to another, leaving the grantor

organization with nothing for its members to do but to go into the other denomination, disperse, or again raise money with which to rent or buy another edifice within which to carry on its worship. In other words, can a majority, only, of those present at a meeting (although called for that purpose) of a church organization, of one denomination, turn its temporalities over to another denomination, for the use and benefit of the latter denomination, as here attempted? The trial court was of opinion that it could not be thus accomplished. We are in accord with this conclusion, which is supported by the great weight of authority. *Marien et al. v. Evangelical Creed Congregational Church*, 132 Wis. 650, 113 N. W. 66; *Roshi's Appeals*, 69 Pa. 463, 8 Am. Rep. 275; *Smith et al. v. Pedigo et al.*, 145 Ind. 361, 33 N. E. 777, 44 N. E. 363, 19 L. R. A. 433, 32 L. R. A. 838; *Lindstrom et al. v. Tell et al.*, 131 Minn. 203, 154 N. W. 969; *Baptist Church v. Jones et al.*, 79 Miss. 488, 30 South. 714; *Mt. Zion Church v. Whitmore et al.*, 83 Iowa 138, 49 N. W. 81, 13 L. R. A. 198; *Landrith v. Hudgins*, 121 Tenn. 556, 120 S. W. 783; *Rottmann et al. v. Bartling*, 22 Neb. 375, 35 N. W. 126; *Franke et al. v. Mann et al.*, 106 Wis. 118, 81 N. W. 1014, 48 L. R. A. 856; *Baptist Church v. Baptist Church*, 46 N. Y. 131; *Everett et al. v. Jennings*, 137 Ga. 253, 73 S. E. 375; *In re Schnorr's Appeals*, 67 Pa. 138, 5 Am. Rep. 415; *Cape v. Plymouth Cong. Church*, 130 Wis. 174, 109 N. W. 928; *Watson v. Jones*, 13 Wall. 679, 20 L. Ed. 666; *Lemp v. Raven*, 113 Mich. 375, 71 N. W. 627; *Krecker v. Shirey*, 163 Pa. 534, 30 Atl. 440, 29 L. R. A. 476; *Brundage v. Deardorf*, (C. C.) 55 Fed. 839; *Baptist Church v. Jones*, 79 Miss. 488, 30 South. 714; *Berry v. Second Baptist Church*, 37 Okl. 117, 130 Pac. 585; 34 Cyc. 1167, 1169; *Madison Av. Baptist Church v. Oliver St. Baptist Church*, 73 N. Y. 82.

While it is true that the language in the deeds from the original grantors to the defendant in error for the lots in controversy does not contain a declaration pertaining to the use or the purposes for which they were secured, it is clearly shown that they were secured for these uses and

were being used for these purposes, and not otherwise. In such cases, the weight of authority is that when not set out in the deed, the purposes for which they were secured and being used can be otherwise shown to exist. *Landrith v. Hudgins,* 121 Tenn. 556, 120 S. W. 783; *Lindstrom v. Tell,* 131 Minn. 203, 154 N. W. 969; *Smith v. Pedigo,* 145 Ind. 361, 33 N. E. 777, 44 N. E. 363, 19 L. R. A. 433, 32 L. R. A. 838; *Franke v. Mann,* 106 Wis. 118, 81 N. W. 1014, 48 L. R. A. 856; *Hale v. Everett,* 53 N. H. 9, 16 Am. Rep. 82.

The plaintiff in error cites numerous cases disclosing contentions between majority and minority stockholders of private corporations to sustain its position. They have no application to cases of this kind, where the denominational character of the churches or societies must, of necessity, enter into the controversy. Any argument which seeks to evade or get around this fact is not applicable to this controversy.

The judgment is affirmed.

Affirmed.

Mr. Justice Bailey and Mr. Justice Allen concur.