## No. 9147.

### GREEK CATHOLIC CHURCH OF ST. MICHAEL'S v. ARCHBISHOP ROIZDESTVENSKY.

1. EQUITY—*Laches.*  The Greek Catholic Church of St. Michaels became incorporated in 1900.  It was subject to the Pope of Rome.  In 1906 an affidavit was filed assuming to change the name to the Greek Òrthodox Church of St. Michaels, and in 1908 an attempt was made to again change the name of the society to the Russian Orthodox Greek Church, which was under the Holy Synod of Russia.  On the same day the Russian Orthodox Church conveyed to Archbishop Roizdestvensky, and his successors in office, the church property conveyed in 1901 to the Greek Catholic Church of St. Michaels:

   In 1913 the Greek Catholic Church of St. Michaels instituted an action against the archbishop and the Russian Orthodox Church, praying cancellation of the conveyance to the archbishop, and the supposed change in the name of the church, and that the title to the premises might be quieted in it.  It appearing that during the incumbency of the Orthodox Priests they had expended three or four thousand dollars in improving the property, and discharging encumbrances upon it, a plea of laches was sustained.

2. *Void Proceedings.*  The doctrine of laches extends even to cases where the proceeding assailed is void, if the party pleading laches has, by reason of the delay, been put to disadvantage.

3. APPEAL AND ERROR—*Presumption.*  The court below allowed a plea of laches to a bill to quiet title, on the ground of improvements made and encumbrances discharged, by the defendant, during the delay.  The court of review assumed that the court below found that such disbursements were made in good faith.

*Error to the Pueblo District Court, Hon. J. E. Rizer, Judge.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. F. R. McALINEY and Mr. W. B. VATES, for defendants in error.

*Department Two.*

Opinion by Mr. Justice Denison.

THE plaintiff in error was plaintiff below. July 6, 1900, Greek Catholic Church of The St. Michaels was incorporated by the filing of the affidavit in accordance with the statute for incorporating churches.

June 12, 1901, an affidavit was filed, showing that a meeting of the church was held May 20th, 1901, at which a change of name was attempted to "The Greek Catholic Church of St. Michaels."

March 31, 1908, an affidavit was filed, purporting to change the name of "The Greek Catholic Church of St. Michaels," to the "Greek Orthodox Church of St. Michaels."

July 3rd, 1908, the attempt seems to have been made to change the name again to "The Russian Orthodox Greek Catholic St. Archangels Michaels Church of Pueblo, Colo."

On the same day, by warranty deed, The Russian Orthodox Greek Catholic Archangels Michaels Church purports to convey to Archbishop Platon Roizdestvensky and his successors in office the church property, which had been conveyed in 1901 to the "Trustees of the Greek Catholic Church of the St. Michael." The grantee was an archbishop of the Greek Orthodox Church.

March 15th, 1913, this suit was brought in the name of "The Greek Catholic Church of St. Michaels" against Archbishop Platon Roizdestvensky. The Russian Orthodox Greek Catholic St. Archangels Michaels Church of Pueblo, Colorado, was afterwards added as a defendant.

The prayer was to cancel the last two changes of name and the deed to the Archbishop, and to quiet the title in the plaintiff.

The plaintiff alleged and its evidence tended to show that these changes of name were, for various reasons, invalid, and also that the Greek Catholic Church was subject to the Roman Catholic Pope; that the Greek Orthodox Church was under allegiance to the Czar of Russia or the Holy Synod of Russia, not to the Pope of Rome; that the first priest in charge of the church at its organization was a Greek Catholic priest; that most of the members were Greek Catholics and that the church was organized as a Greek Catholic Church; that the land in question was purchased and a church built thereon during the incumbency of the Greek Catholic priest; that after the first pastor died no Greek Catholic priest could be obtained and a priest of the Orthodox Greek Catholic Church was obtained about 1903 or 1904, and that a succession of priests of that church has remained in charge thereof from thence hitherto, and that the property had been diverted from its purpose as a Greek Catholic church under the Pope to that of an Orthodox Greek Catholic church, under the Czar or Holy Synod.

It was claimed, on the other hand, that the church had always been an Orthodox Greek Catholic church, and that the changes of name were made to express that more clearly, and the defendants' evidence tended to show this. The defendants moreover pleaded *laches* and showed that during the incumbency of the orthodox priests from about 1904 to 1913 some three or four thousand dollars had been expended in improving the property and paying off mortgages upon it.

The opinion of the court below, which is made a part of the record on error, shows that the learned judge who tried the case was of the opinion that the plea of *laches* had been sustained by the evidence, and, accordingly, he gave judgment for the defendants.

Argument is made here that mere lapse of time is not sufficient to constitute *laches*. While we think that is not always the case yet the question does not now arise, because, during the long delay from 1904 to 1913, the parties in possession, in apparent good faith—we must assume that

court below found that it was in good faith—expended the money as stated above.

It is also urged that the proceedings sought to be cancelled are absolutely void, and therefore the doctrine of laches does not apply. The rule here invoked does not itself apply to a case where the party pleading the *laches* has, by reason of the delay, been put to disadvantage.

We can see no equity in returning to the plaintiff the property with additions made and debts removed which would not have been made or removed if the plaintiff's action had been prompt.

We think the record shows other grounds to support the judgment, but it is not necessary to notice them.

The judgment should be affirmed.

Garrigues, C. J. and Scott, J. concur.