No. 10,533.

GREEK CATHOLIC CHURCH OF THE TRANSFIGURATION OF
CHRIST *v.* HUNAU, ET AL.

Decided December 3, 1923.

Action for the possession of property.   Judgment for
defendants.

## *Affirmed.*

1.  APPEAL AND ERROR—*Court Findings—Presumption.*   In an action
    for the possession of church property, there being a general
    finding for defendants, it will be presumed on review that the
    intention as to the disposition of the property was as contended
    for by them.

2.  RELIGIOUS SOCIETIES—*Disposition of Temporalities.*   The rule that
    a mere majority of the members of a religious society has no
    power to divert temporalities from their original purpose, will
    not invalidate a conveyance, in the absence of a showing that
    the action was not unanimous.

*Error to the District Court of the City and County of
Denver, Hon. S. W. Johnson, Judge.*

Mr. EDWARD V. DUNKLEE, Mr. EVERETT E. TROUT, Mr.
WILLIAM H. GABBERT, for plaintiff in error.

Mr. JOHN T. MALEY, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was plaintiff below, was defeated
in a suit to recover possession and control of certain church
property in Denver, and comes here on error.   The court
found generally for defendants.   The judgment must be
affirmed.

In September, 1898, the plaintiff church was incorpo-
rated under the laws of this state.   There is evidence that
it was the intention of the incorporators to put themselves
under the Greek Catholic Church, subject to Rome, and

there is evidence that it was incorporated as an independent church. Apparently that meant that the corporation did not acknowledge the authority of the Roman Pope, nor that of the head of the Russian Church. See *Greek Catholic Church v. Archbishop,* 67 Colo. 217, 184 Pac. 295, 18 A. L. R. 690. About 1902, plaintiff applied to the Roman Catholic Bishop of Denver for a priest, but he declined to assign one while they remained independent. They thereupon applied to the Russian Greek Orthodox Catholic Bishop in San Francisco, obtained a priest, and from that time they have been supplied with priests of that church.

January 14, 1905, the congregation and the trustees of the plaintiff church voted to convey the property to Rt. Rev. Tikhon Bellavin, "as Bishop of the Russian Greek Orthodox Church of North America and his successors," * * * "for the expressed consideration of five dollars and other considerations," and on February 8th, 1905, a conveyance reciting these considerations was made accordingly. By deed dated August 7, 1909, Tikhon Bellavin as Bishop as aforesaid conveyed to "Platon Roizdestvensky, Archbishop of the Russian Orthodox Catholic Church of North America and his successors and assigns," and in 1914, he conveyed to defendant Alexander Nemolonsky, Bishop of the Russian Orthodox Catholic Church of North America and his successors and assigns," who conveyed to defendant Hunau by warranty deed to secure a loan which has since been paid and the property reconveyed. No question was raised till in 1921 the defendant, Bishop Nemolonsky, refused to remove an unsatisfactory priest, and the difficulties in connection with that matter led to the present suit.

The position of the plaintiff is that the fact that the conveyance was to Bishop Bellavin as Bishop, etc., was a sufficient indication of a trust to permit parol evidence of the terms thereof, under *Johnson v. Calnan,* 19 Colo. 168, 34 Pac. 905, 41 Am. St. Rep. 224, and *Waterbury v. Fisher,* 5 Colo. App. 362, 38 Pac. 846, and that those terms in-

cluded the right of the corporation to control the employ-
ment of its priests, of which they gave parol evidence, and
the right to remain Greek Catholic under the Pope, where
plaintiff claims the corporation was originally intended to
be; but, conceding that this argument is sound, even to
the extent claimed, the evidence of the resolution of the
corporation, and the deed to Bishop Bellavin itself, is at
least as strong in support of the defendant's claim that
it was intended to put the property in the control of
the Russian Church as is plaintiff's parol evidence of its
claim, and, since the court found generally for defend-
ants, we must presume that it found such intention. In
view of the fact that this intention was apparently ac-
quiesced in for eighteen years we do not see how the court
could reasonably have found otherwise.

Plaintiff in error insists that the plaintiff's trustees and
congregation had no power to divert the temporalities
from their original purpose, whether that purpose was to
be Greek Catholic or independent, and cites *Baptist Society
v. People's Church,* 64 Colo. 574, 174 Pac. 1118, 8 A. L. R.
102. That case holds that a mere majority of the mem-
bers cannot do so; but in the present case it does not
appear that the congregation was not unanimous; the
temporalities and service have been under the control of
the Russian Church for eighteen years, and, as shown
above, the intention of the trust is found to be for the
Russian Church.

It is claimed that the mortgage to Hunau was a breach
of trust. Whether this claim would be sound if the trust
were as claimed by plaintiff or not, plaintiff is not in-
jured by the mortgage because we must suppose that it is
a trust for the Russian Church, and that church is not
complaining.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD
concur.