JOHN SPENNINGSBY v. THE NORWEGIAN EVANGELICAL LUTHERAN TRINITY CONGREGATION AND OTHERS.[1]

May 12, 1922.

No. 22,880.

**Merger of religious congregations without change of faith — minority not entitled to church property or to injunction.**

Three synodical bodies, professing the same religious faith, merged. Prior to such merger, two of these bodies had each a congregation in Ada, Minnesota. After the merger the two congregations also determined to consolidate and unite, thus constituting one congregation belonging to the synodical or denominational body formed by the merger of the three synodical bodies mentioned. Plaintiff and ten other voting members in one of these two congregations, being less than one-third thereof, always protested against this union of the congregations, and brought this action to enjoin the consummation of the union and the transfer of the church property. It is *held*:

(1) There being no departure by the majority from the doctrine accepted by the articles of incorporation of the congregation, there was no such division or dissension in the congregation as would give the minority the right to claim its church property.

[1]Reported in 188 N. W. 217.

(2) In matters not of doctrine or faith but relating to the conduct of the temporal affairs of a congregation and the disposition of its property for church purposes, the courts will not interfere with the action of a legal majority, unless it is clearly shown that such action is unlawful and contrary to the constitution of the congregation or the synodical body with which it is affiliated.

(3) The findings of the court are supported, and there was no error in refusing certain findings.

Action in the district court for Norman county to restrain defendants from selling certain church property. Upon hearing before Grindeland, J., a restraining order, granted ex parte, was vacated. The parties stipulated that the action should be presented to the court for decision upon the pleadings, affidavits and exhibits constituting the record. The court made findings and dismissed the action on the merits. From an order denying his motion for amended and additional findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*W. E. Rowe*, for appellant.

*Christian G. Dosland*, for respondents.

HOLT, J.

For a number of years plaintiff has been a member in good standing of the Norwegian Evangelical Lutheran Trinity Congregation of Ada, affiliated with the Hauge Synod. Within a few blocks of the place of worship of this congregation, there existed for a long time a church owned by our Savior's Norwegian Lutheran Congregation connected with the United Norwegian Lutheran Church of America. In 1917, the two synodical bodies referred to, and a third, called the Norwegian Evangelical Lutheran Synod of America, merged or consolidated. The intended object of the merger was that the congregations of these three synods should enter and constitute the consolidated synodical body. After this merger or consolidation of the synods named these two congregations at Ada took steps to unite pursuant to the authority conferred by chapter 107, p. 134, Laws 1917. The vote of Our Savior's congregation was unanimous in favor of union. In the Trinity there were 24 votes in favor and 11

against.  Plaintiff was one of the latter, and has at all times protested against the move.  The union or merger, of course, contemplated transferring all the church properties of the old congregations to the new.  Plaintiff brought this action against the Trinity congregation and its officers to enjoin such transfer.  A restraining order, granted ex parte, was vacated upon a hearing, at which time the parties stipulated that, upon the pleadings, affidavits and showing made at such hearing, the court should make findings and order judgment on the merits.  The decision was in defendants' favor, and plaintiff appeals from the order refusing to amend the findings and denying a new trial.

The two articles of incorporation of the Trinity congregation expressive of the profession of faith of its members, and which are not subject to change or amendment, are:

"Article III.  This congregation accepts the canonical books of the Old and New Testament as the inspired Word of God and the only standard and rule of Faith, Doctrine, and Life."

"Article IV.  This congregation also accepts as a true exhibition [exposition] of the Doctrines of the Word of God, the Symbolical Books of the Lutheran Church, viz:  The Apostolic, Nicene and Athanasian Creeds, The Unaltered Augsburg Confession and the smaller catechism of Dr. Martin Luther and as accepted in the Concordia Book published by Caspar and Johnson, Christiania, Norway."

The above standard of faith and doctrine is precisely the same as that of Our Savior's congregation and of the synodical body created by the merger of the three synods or religious bodies above mentioned.  This is the opinion of the pastor who has served both congregations for some time and who must be considered well versed in the doctrine of the Lutheran churches.  There is no evidence disputing this identity of faith and doctrine.  Plaintiff, to be sure, deposes that he "would remain steadfast and loyal to the doctrines, teachings, rules, constitution and declared faith of the defendant church and defendant church organization."  He also states that the other ten who protested and voted with him against the merger of the two congregations are like minded.

Appellant claims the right to enjoin a transfer of the property of the Trinity congregation to the merged one in virtue of this incorporation article of the former, viz:

"Article XX.   In case a division should occur in the congregation, then all property both real and personal shall belong to that party that remains true to the rules of the congregation as determined by these Articles of Incorporation and its by-laws and shall still hold fast to God's Word and Symbolic books as designated in Article IV whether it be a majority or minority."

It is clear that the division above referred to is one arising out of a renouncing of the doctrine or confession of faith contained in Articles III and IV, above quoted.   It cannot be made to depend on disputes or disagreements concerning the nonessentials of religion or such matters as pertain to the conduct of the temporal affairs of the congregation.   As to the location of the house of worship, or the transfer of church property for a proper purpose, or the merging of two congregations of like faith into one for more efficient work and the like, the majority, as defined by the constitution and laws of the congregation or applicable statutes, must rule.   The pecuniary interest, if any, of the individual member of a congregation in the property held by it, is not deserving of great consideration.   Religious corporations are not formed for the purpose of accumulating property for the use of its members.   They have a more exalted and unselfish purpose and hold the property they acquire in trust for that purpose.   So long as there is no departure from the fundamental belief or doctrines upon which the congregation was organized, a minority cannot, by disputes or contentions concerning mere practice or plans of operation, call upon the courts to interfere with the majority.   Nor has a small minority in a congregation the right to claim all its property on the bald proposition that such minority maintains the absolute status quo as to procedure and nonessentials, while all the other members have determined upon some changes in respect to property, adjacent congregations or synodical connections not forbidden by the articles of incorporation or the laws of

the congregation or the state. The burden was upon plaintiff to show that the union of these two congregations and the move of defendants to carry out this purpose accomplish such a division in the Trinity congregation that the two-thirds majority therein has abandoned and departed from its essential and fundamental profession of faith. We think plaintiff failed utterly to so prove, and, that being the case, he must be denied the relief asked, regardless of alleged defects in defendants' proof.

In German Ev. Luth. Trin. Cong. v. Deutsche Gemeinde, 246 Ill. 328, 92 N. E. 868, there was, as in the case at bar, no real division on doctrinal views, but dissension arose in regard to the location of the church building and the minority asked for a partition of the church property. The court, after reviewing many cases, says: "If, under the facts and circumstances of this case, appellees have the right to cause the church property to be partitioned, then a minority disagreeing with the majority in the lawful management of the church affairs, from any cause whatever, may cause the property to be partitioned by a court of equity. A disagreement as to what color the church should be painted, or as to its interior decoration, or as to its heating system, and many other matters of business management not affecting the rights of the parties or the objects or purposes of the organization, would afford ground for asking for a sale of the property and there would be no stability to church organizations. To permit this to be done would place church property upon such a precarious basis as to in all probability greatly affect and hinder religious societies in acquiring property and building churches thereon."

The cases cited by appellant and also Lost River Nor. Ev. Luth. Cong. v. Thoen, 149 Minn. 379, 183 N. W. 954, do not hold to the contrary, although, in a few instances and under peculiar facts, the court divided the property between the contending factions.

In Immanuel's Gomeinde v. Keil, 61 Kan. 65, 58 Pac. 973, there were disputes and differences between the factions on questions of faith which could not be settled by church authority since it was an independent incorporated church.

In Ramsey v. Hicks, 174 Ind. 428, 91 N. E. 344, 92 N. E. 164, 30 L. R. A. (N. S.) 665, relative to property disputes in a local church growing out of the well known merger of the Presbyterian Church proper and the so-called Cumberland branch thereof with which the local church was affiliated, a merger similar to that of the three synods in the case at bar, it was held that such a merger was within the power of the ecclesiastical bodies to make; that the decision of such bodies that the doctrines of the merged denomination was the same as formerly held by those merging was binding on the courts; that the members of a local church of one of the denominational bodies who refuse to come into the new organization must be treated as seceders, unless they can clearly show that the merger was unconstitutional and ultra vires; that "the primary object of a religious association is to worship, possession of property being a necessary incident; but a church member has no private nor pecuniary interest in church property;" and that "when the general assembly of the Cumberland Presbyterian Church decided that a union of such church and the Presbyterian Church in the United States of America had been consummated, the property of the former vested in the latter, and the members of the former who refuse to unite have no interest in the church property." That decision seems to us right and controls the controversy in the instant case.

Error is assigned on the refusal to make certain findings. The court might well have found that plaintiff was a member in good standing of the Trinity congregation, in full accord with the doctrines prescribed in its articles of incorporation. But no doubt the trial court took this for granted, and so do we. The defense was not predicated on the ground that he was not, but on the fact that defendants, in what they were doing and purposed doing, did not violate any rule of doctrine or procedure of the Trinity congregation or of any law of the state. The finding that this defense was true we deem fully supported by the affidavits and documents submitted to the court. Such being the case, many of the findings requested became immaterial.

The order is affirmed.