## J. H. MATTSON AND OTHERS v. EMIL SAASTAMOINEN AND OTHERS.[1]

July 9, 1926.

No. 25,287.

**When unanimous vote and when majority vote of members required to amend articles of church corporation.**

  1.  A church corporation cannot amend its articles so as to change the fundamental faith or religion for the promotion of which it was organized, without the consent of all the members. Courts will prevent the violation of the trust with which its property is impressed. But by a majority vote the church may amend its articles in respect of administrative and temporal matters or mere forms of worship not affecting religious doctrine or discipline.

**Finding sustained that amendment did not affect faith or creed of church.**

  2.  The finding of the court that the amendment of the articles of the defendant church and its affiliation with the Suomi Synod did not affect its religious faith or creed is sustained.

Religious Societies, 34 Cyc. p. 1119 n. 18; p. 1120 n. 22.

See 23 R. C. L. p. 430.

Action in the district court for St. Louis county to annul amendment to articles of incorporation of defendant Independent Finnish Evangelical Lutheran Church of Duluth and to restrain its affiliation with the Suomi Synod. There were findings for defendants. Plaintiffs appealed from an order denying their motion for a new trial, Fesler, J. Affirmed.

*McCoy & Hansen,* for appellants.

*Crassweller & Crassweller,* for respondents.

DIBELL, J.

This is an action to annul an amendment to the articles of incorporation of the defendant Independent Finnish Evangelical Luth-

[1]Reported in 209 N. W. 648.

eran Church of Duluth and to restrain its affiliation with the Suomi Synod. There were findings for the defendants and the plaintiffs appeal from the order denying their motion for a new trial.

The plaintiffs are members of the defendant church corporation and are opposed to affiliation with the Suomi Synod. The individual defendants are members of the defendant church and favor affiliation.

The church was incorporated in 1899. We quote as material to this controversy articles 1 and 2 and a portion of article 4 of its articles of incorporation:

"Article I. The name of this corporation shall be Independent Finnish Evangelical Lutheran Church of Duluth, St. Louis county, Minnesota. The general purpose of this corporation shall be to promote religious work, and for religious, charitable and educational purposes, and its plan of operation shall be to maintain a suitable place for religious worship in accordance with the Christian religion as taught by the Evangelical Lutheran Church, and to employ a pastor to instruct and lead in such worship, and to that end it shall have power to purchase, hold, mortgage, sell and convey real estate and other property, and to erect churches, parsonages and other appropriate buildings."

"Article II. The terms of admission and the qualification of membership in this corporation shall be the acknowledgment of the constitution proposed and adopted by the said members of the said corporation, who are believers in the Evangelical Lutheran religion. The management of this corporation shall be in conformity with the above said Constitution and also with such amendments and by-laws as this corporation shall deem necessary to adopt, when they first have been duly approved by the said Independent Evangelical Lutheran Congregation."

"Article IV. This corporation has decided to be independent of all other ecclesiastical authority, either of the Evangelical Lutherance Conference of Minnesota, or elsewhere."

In 1923 by a majority but not unanimous vote the articles were amended by striking out the portion of article IV quoted and inserting in lieu thereof the following:

"This corporation shall ecclesiastically be affiliated with and subject to the constitution and by-laws of the Finnish Evangelical Lutheran Church of America, otherwise known as The Suomi Synod."

The substantial question is whether the affiliation of the church with the Suomi Synod is a change of its religious faith and creed and a consequent diversion of its property to religious uses in violation of the trust with which it is impressed.

1. The law is that a church incorporated for the promotion of a defined fundamental religious faith or doctrine cannot by amendment change its religious creed or faith except by unanimous vote of its members; that its property is impressed with a trust to carry out the purposes of its organization; that the courts, though not concerned with religious doctrine, will not permit a violation of the trust by a diversion of the property to other uses sought to be made of it because of a change in faith of the majority; but as to matters of business management and temporal control, or mere changes of form in the conduct of worship not affecting religious doctrine or discipline, the majority controls. In Lindstrom v. Tell, 131 Minn. 203, 207, 154 N. W. 969, 971, the law was expressed as follows:

"Where a church corporation is formed for the purpose of promoting certain defined doctrines of religious faith, which are set forth in its articles of incorporation, any church property which it acquires is impressed with a trust to carry out such purpose, and a majority of the congregation cannot divert the property to other inconsistent religious uses against the protest of a minority, however small. The manner of use of the property of the church corporation, within the range of its corporate powers, may be determined by the majority of the congregation, but no majority, even though it embrace all members but one, can use the corporate property for the advancement of a faith antagonistic to that for which the church was established and the corporation formed."

And in Schradi v. Dornfeld, 52 Minn. 465, 472, 55 N. W. 49, 51, involving a change of synodical connection, the court referring to the matter of essential church doctrine, said:

"The majority of the members of the church in question would have no right to change the law of its organization, or the conditions and implied agreement under which the church property was acquired. It must remain an orthodox Lutheran Church, and its doctrine and discipline must conform to the constitution under which its property has been acquired and the support and contributions of its members have been given and received."

The law is well settled and we need not discuss the cases. We note as a leading one Watson v. Jones, 13 Wall. 679, 20 L. ed. 666, which discusses at great length the different questions arising. In the annotation to this case in 7 Rose's Notes, 727, 732-741, many later cases are collected. In an annotation to Baptist C. M. Soc. v. People's T. C. Church, 64 Colo. 574, 174 Pac. 1118, in 8 A. L. R. 102, 105-133, is an exhaustive collection and discussion of cases. And see 23 R. C. L. 419; 34 Cyc. 1112; Dec. Dig. Rel. Soc. §§ 21-22; Spenningsby v. Norwegian E. L. T. Cong. 152 Minn. 164, 188 N. W. 217; Trustees v. Halvorson, 42 Minn. 503, 44 N. W. 663; German E. L. T. Cong. v. Deutsche Gemeinde, 246 Ill. 328, 92 N. E. 868, 20 Ann. Cas. 404; Windley v. McCliney, 161 N. C. 318, 77 S. E. 226; Nagle v. Miller, 275 Pa. St. 157, 118 Atl. 670; Hanna v. Malick, 223 Mich. 100, 193 N. W. 798; Gewin v. Mount P. B. Church, 166 Ala. 345, 51 South. 947, 139 Am. St. 41.

2. The trial court finds that the Suomi Synod is a church organization of Finnish Evangelical Lutheran churches affiliated for more effective Christian work; that there is no difference between the religious doctrines, faith and creed of the Suomi Synod and the Independent Finnish Evangelical Lutheran Church; and that both organizations adopt and promote the religion of the Evangelical Lutheran church. These findings, though attacked by the defendants, are sustained. We have examined all the claims made by the defendants relative thereto. The views of the trial court are expressed in part as follows:

"The most than can be reasonably claimed is that there may result some minor differences in church government by the affiliation with the Suomi Synod. Such differences, if they exist, are matters for decision by a majority of the congregation. * * * It appears that no effort is being made, and none is intended, to debar any of the parties, plaintiff or defendant, from as full and complete use of all the church property and services as if the present differences of opinion had not arisen. Everyone interested in this case asserts his willingness to abide within the church according to whatever the law may be with respect to the existing differences of opinion. No one's faith or creed is or will be disturbed in the least by this decision. The only thing that is decided is that the majority shall rule as to such differences as have arisen."

These views are sustained by the evidence and are in consonance with the conclusion we have reached. It may be noted that in 1912 the church, without changing article IV, assumed to affiliate with the Suomi Synod and received a charter. Ever since Suomi pastors have been the spiritual advisers and leaders of the church; and not until 1923, when all of the members of the church, except the dissenting plaintiffs, thought it wise to move from its unfavorable location to a better one where it was offered a more suitable building at an attractive price, was there an objection. There is no schism in the church. Its members will worship contentedly in the new church and find religious consolation in their chosen creed and faith under the ministrations of Suomi pastors as in the past in the old church building. Whether the church should abide in the old building or take a particularly advantageous opportunity of securing a large church building at a low price in a location permitting the expansion of church activities is a matter of administrative policy committed to the majority and not requiring unanimity. The affiliation with the Suomi Synod may result in a higher and more effective organization, more uniformity and co-operation among the Finnish churches of like faith, an extension of church activities, and some change in form; but the church just as before will be devoted to "religious worship in accordance with the Christian religion as

taught by the Evangelical Lutheran Church," and its members will be "believers in the Evangelical Lutheran religion," all as stipulated in articles I and II of the charter of incorporation, which fix the religious faith of the church; and, so far as appears, a majority vote which brings affiliation might result in a withdrawal. Schradi v. Dornfeld, 52 Minn. 465, 55 N. W. 49.

Order affirmed.