# ROCK DELL NORWEGIAN EVANGELICAL LUTHERAN CONGREGATION AND OTHERS v. M. F. MOMMSEN AND OTHERS.[1]

April 5, 1928.

No. 26,325.

**Plaintiff congregation affiliated with the merger church.**

1. The Rock Dell Norwegian Evangelical Lutheran Congregation, named as one of the plaintiffs, is a church corporation congregational in character. Originally it was affiliated with the Synod for the Norwegian Evangelical Lutheran Church of America. Later three synods of the Lutheran church, of which the synod just named was one, united under the name of the Norwegian Lutheran Church of America, referred to by the parties as the merger church. The finding that the Rock Dell congregation affiliated with that synod is sustained.

**Defendants as officers of plaintiff congregation were entitled to custody and control of its property.**

2. A few years later the defendants withdrew and affiliated with another synod. The finding of the court that the defendants were the officers of the Rock Dell congregation and entitled to the custody and control of its property subject to the provisions of its articles of incorporation and constitution is sustained.

**Plaintiff congregation's property must be devoted to a faith fundamentally Lutheran.**

.3. Under its articles of incorporation and constitution the Dock Dell congregation is a Lutheran church. Its property cannot be devoted as against the objection of any member to a faith or doctrine which is not fundamentally Lutheran and in harmony with the faith and doctrine set forth in its articles and constitution.

**Defendants did not devote its property to a faith not fundamentally Lutheran.**

4. The defendants, after withdrawing from the merger church, did not devote the property of the Rock Dell congregation to a faith or doctrine not fundamentally Lutheran nor inconsistent with its articles of incorporation or constitution.

[1]Reported in 219 N. W. 88.

Plaintiffs remain members of plaintiff congregation in spite of their expulsion.

5. At an annual meeting of the Rock Dell congregation a number of members, including the plaintiffs and their associates, were expelled without notice and without a hearing. The expulsion was without effect, and the plaintiffs and their associates, members of the minority faction, are members of the Rock Dell congregation and are entitled to the rights and privileges pertaining to membership.

Religious Societies, 34 Cyc. p. 1141 n. 64; p. 1164 n. 55; p. 1167 n. 66; p. 1188 n. 66.

See 23 R. C. L. 343 et seq.

Plaintiffs appealed from an order of the district court for Redwood county, Olsen, J. denying their motion for a new trial. Affirmed.

*O. A. Lende* and *Meighen, Knudson & Sturtz,* for appellants.

*K. T. Dahlen,* for respondents.

DIBELL, J.

This is an action in the name of the Rock Dell Norwegian Evangelical Lutheran Congregation, a religious corporation, and individuals claiming to be its officers, against the defendant Mommsen, claiming to be the pastor of the Rock Dell congregation, and other defendants claiming to be the officers of the congregation. The complaint asked judgment that the defendants be restrained from using the real or personal property of the Rock Dell congregation for the purposes of the Norwegian Synod of the American Evangelical Lutheran Church; from sending delegates on behalf of the Rock Dell congregation to the meetings of the synod; from collecting moneys through the Rock Dell congregation for the synod; from interfering with the support by the Rock Dell congregation of the missions and educational, charitable and other activities of the Norwegian Lutheran Church of America; from interfering with the holding of public religious services by pastors adhering to the latter synod; that the Rock Dell congregation, as represented by the individual plaintiffs, as officers, be adjudged the owner of the

property of the congregation; that the title be quieted in the congregation as represented by the individual plaintiffs; and that the plaintiffs have $500 damages for the wrongful use and possession of the property by the defendants. There were findings for the defendants, and the plaintiffs appeal from the order denying their motion for a new trial.

1. The Rock Dell Norwegian Evangelical Lutheran Congregation was organized in 1872 in Redwood county and was incorporated in 1889 under G. S. 1878, c. 34, §§ 231-232, and amendments. It affiliated with the Synod for the Norwegian Evangelical Lutheran Church of America. By its constitution and its articles it was essentially congregational in character and Lutheran in faith and doctrine. In 1917 there was a merger or union of three ecclesiastical bodies of the Lutheran church, the Hauge Norwegian Evangelical Lutheran Synod of America, commonly called the Hauge Synod, the United Norwegian Lutheran Church of America, commonly called the United Church, and the Synod for the Norwegian Evangelical Lutheran Church of America, commonly called the Old Synod, with which the Rock Dell congregation was affiliated. The new church, which is referred to by the parties as the merger church, took the name of Norwegian Lutheran Church of America. The purpose of the union was to encourage economies and effectiveness in the religious, charitable and educational activities fostered by the Lutheran church. The authorities of the three uniting synods saw in the union no change in the fundamental doctrines and faith of the Lutheran church as understood by the three synods. See Spenningsby v. Norwegian Ev. Luth. Trinity Cong. 152 Minn. 164, 188 N. W. 217.

Upon the merger or union the Rock Dell congregation affiliated with the so-called merger church. There was no affirmative action of the congregation leading to affiliation, though the delegate of the congregation to the meeting of the Old Synod, which agreed to the union, voted in favor of it. The congregation thereafter acted with the merger church as one of its many congregations, sent delegates to the meetings of the synod, and contributed to its various enter-

prises. There was an actual affiliation, as found by the trial court, and perhaps the plaintiffs do not seriously question it.

2. Some congregations of the Old Synod, perhaps 40 or 50, did not affiliate but maintained their individual congregational character, with or without synodical affiliation. In 1922 the defendant Mommsen, the pastor of the Rock Dell congregation, assumed to withdraw from the merger church. In 1923 the other defendants followed their pastor along with a majority of the members of the congregation. The congregation did not withdraw in accordance with the provisions of the constitution of the merger church for withdrawal. Afterwards it affiliated with the Norwegian Synod of the American Evangelical Lutheran Church, sometimes called the New Synod, which was found by the trial court to be the substantial equivalent of the so-called Old Synod. It was composed largely of the congregations which did not affiliate with the merger church.

The trial court finds that the defendants are the duly elected officers of the Rock Dell congregation and as such entitled to the custody and control of its property and affairs, subject to the provisions of the articles of incorporation and the constitution of the congregation. The plaintiffs concede this to be so if the defendants and their associates represented the congregation and were entitled to elect officers. The evidence hardly permits a different finding. The constitution of the Southern Minnesota District of the Norwegian Lutheran Church provides:

"Should a congregation decide to withdraw from the Church, it shall forward to the President of the District a properly certified declaration to this effect, stating the cause for such action. The President of the District shall, if possible, confer with the congregation. If the congregation persists in its action he shall present the matter to the District convention for further consideration and final action."

The congregation and its pastor did not observe the requirements of the constitution when they withdrew. It is the contention of the plaintiffs that the withdrawal without conforming to this provision and the subsequent conduct of the pastor and congregation

forfeited their rights of membership, leaving the minority, which did not withdraw, in rightful control with authority to elect officers, and that the officers which it elected, the individual plaintiffs, are the true officers. They cite Schnorr's Appeal, 67 Pa. 138, 5 Am. R. 415, a leading and well considered case, as controlling, and many others of like character are noted. We think these cases do not control. Neither the articles or constitution of the merger church nor the district constitution provide for the discipline of a local congregation, or impose a penalty consequent upon a withdrawal, or provide a method of compelling continued affiliation, or say what may be done if a congregation ceases to recognize the synod. The affiliation of a congregation with a synodical body does not pass congregational property to the synod, nor has the synod power to enforce contributions of money to support its activities nor to compel obedience to its wishes. In view of the articles and constitution of the Rock Dell congregation, its congregational character as provided therein, and the congregational character of Lutheran churches through a long history, we cannot hold that a failure to abide by a synodical affiliation like that shown forfeits the rights of the majority and places the minority in power. The congregation, though it withdrew by majority vote without an observance of the district constitution, may control its property so long as it does not devote it to purposes not in harmony with the Lutheran faith and doctrine as determined by its articles and constitution. The finding of the court is sustained.

3. The purposes of the incorporation of the Rock Dell congregation are stated in its articles as follows:

"The purpose of this corporation shall be to establish and maintain an Evangelical Lutheran Church and to provide a place of public worship for the same in said Town of Swedes Forest in the County and State aforesaid; to establish, maintain and conduct schools for the religious instruction of the young, and to further other religious and charitable work, and to that end may adopt and establish by-laws, and make all rules and regulations deemed necessary and expedient for the management of its affairs, in accordance

with law and not inconsistent with these articles of incorporation; and, to take, manage, hold and dispose of the property, real and personal, of said corporation."

Its constitution relative to the faith and doctrine of the congregation is as follows:

"II. The only source of the faith and doctrine of the congregation is the Holy Word of God revealed in the canonical books of the Old and New Testaments.

"III. The congregation professes adherence to the symbolical books or confessional writings of the Norwegian Lutheran Church, as these give a true and unadulterated exposition of the doctrine contained in the Word of God.

"They are the following:

"(a)   The three old Symbols, viz: The Apostolic Creed; The Nicene Creed; and The Athanasian Creed.

"(b)   The unaltered Augsburg confession.

"(c)   Luther's Smaller Catechism."

Section 18 provides:

"The congregation as a whole possesses the highest authority over the internal and external administration of all Ecclesiastical and congregational affairs, yet the congregation has no right to arrange or decide anything contrary to the Word of God and the Symbolical books; if this be done, then all such acts are invalid."

The Rock Dell congregation long ago acquired land upon which it built a church. A part of the land is used as a cemetery. The property is of the value of $10,000.

A church organization such as the Rock Dell congregation cannot change its fundamental faith or religion for the promotion of which it was organized and devote its property to a different faith without the consent of all its members. The property which it owns is charged with a trust, though not expressed in the instrument by which it is acquired. It is to be devoted to the fundamental faith or doctrine of the church, and cannot be changed as against the protest of a single member. Schradi v. Dornfeld, 52 Minn. 465,

55 N. W. 49; Lindstrom v. Tell, 131 Minn. 203, 154 N. W. 969; Mattson v. Saastamoinen, 168 Minn. 178, 209 N. W. 648. In matters of temporal concern, not involving matters of fundamental doctrine or faith, the courts will not interfere with the action of the majority. Spenningsby v. Norwegian Ev. Luth. Trinity Cong. 152 Minn. 164, 188 N. W. 217; Mattson v. Saastamoinen, 168 Minn. 178, 209 N. W. 648.

4. After the withdrawal from the synod the members of the minority faction did not generally attend services or participate in the activities of the Rock Dell congregation or contribute to its expenses. They did not withdraw, though they met separately at times for worship. They claimed to act as the true Rock Dell congregation. Some attended services with a nearby congregation adhering to the merger church. The majority acted arbitrarily at times and refused to permit officers of the merger church to discuss questions in dispute between them. They did not exclude the plaintiffs from the rights and privileges of the church or from participation in services with the other members. Those constituting the minority have not lost their right to the use of the property of the congregation. Conceivably the present minority may become a future majority.

But whatever the majority faction did, and however intolerant it was of the minority, it did not depart from the essential faith and doctrine of the Lutheran church. The doctrines of the Rock Dell church, in the essentials of Lutheran doctrine, do not differ from those permitted by the Old Synod, or the synod of the merger church. The Old Synod and the merger church contemplated differences among the congregations in practices and forms of worship and understood that there should be great freedom in individual belief and interpretation. In no sense has either the majority faction or the minority faction departed from the Lutheran faith.

5. At the annual meeting of the Rock Dell congregation in April, 1924, a number of the members of the congregation were expelled. They were the plaintiffs and their associates constituting the minority faction. It is unnecessary to consider the reasons assigned. The expulsion was without notice and of no effect. The proceeding

was arbitrary and might be styled high-handed. The members whom the majority assumed to expel are still members of the congregation. The trial court found:

"That at a regular meeting of the congregation in April, 1924, at which meeting many of the minority faction were also present, the congregation, by a majority vote, voted to strike from its membership roll the names of 32 persons, consisting of the named plaintiffs and their associates constituting the minority faction. That no notice had been given that such action was to be taken at said meeting and no formal charges were made or presented to the members so attempted to be dismissed and no hearing or opportunity to be heard was given to the members so attempted to be dismissed."

And the judgment to be entered in accordance with the conclusions of law will provide:

"That the persons named as plaintiffs and their associates, hereinbefore referred to as the minority faction, remain and are members of said congregation and corporation, and have not been lawfully dismissed or expelled therefrom. That the persons named as plaintiffs and their associates have the same rights and privileges in the use and enjoyment of the property of said congregation and to take part in the services and business meetings of said congregation as any other of the members thereof."

It is true, as the trial court says in its findings and memorandum, that the majority faction in control was at times arbitrary and unreasonable in its treatment of the minority faction. It refused to receive the official leaders of the merger church, men who were eminent among all Lutherans, when they offered mediation. It was disagreeable to the minority of the congregation. It probably made them feel unwelcome at church services. The two factions are not in essential disagreement in their religious faith. Under strong and wise leadership, with the mutual toleration essential to the successful conduct of any organization of men, and with genuine cooperation in the interests of their religious faith, it seems that the warring factions may worship together happily and find religious

consolation in the Rock Dell church whether affiliated with the merger church or the New Synod. They are neighbors and followers of a common religious faith. Whether they will do so is a matter of choice for them. The law does not concern itself except where civil or property rights are involved.

Order affirmed.

HILTON, J. took no part.