GANNON, Appellant, vs. CHASEBURG STATE BANK and another, Respondents.

*September 15—October 12, 1937.*

For the appellant there was a brief by *C. W. Graves* of Viroqua, attorney, and *Goggins, Brazeau & Graves* of Wisconsin Rapids of counsel, and oral argument by *R. B. Graves* and *C. W. Graves*.

For the respondents there was a brief by *F. E. Steele* and *Hale & Skemp,* all of La Crosse, and oral argument by *Quincy H. Hale.*

FAIRCHILD, J. The defendant Fred O. Lowe induced plaintiff to execute and deliver to him for his use in securing credit a note for $6,000, payable sixty days after date to the order of F. O. Lowe. Lowe delivered the note to the Chaseburg State Bank, which was extending credit to him and had demanded security for such credit. In addition to negotiation by indorsement, a written assignment was made transferring the note with other collateral to the bank "to be held by said bank as security for my outstanding drafts and checks deposited to my credit in said bank, or any overdraft in my bank account." Defendant Lowe did not here exceed his authority. The terms of the assignment are within the scope of and consistent with the authorization found by the trial court to accompany the giving of the note. There is evidence that, when Lowe appealed to Gannon to put up security at the bank, he told Gannon that he wanted $12,000. The dialogue between Lowe and Gannon is described by Lowe in the following language:

"I went down to Mr. Gannon, told him I had to put up security at the bank for around $12,000. 'Have you got anything you could offer to help me out?' He said, 'I haven't got any government bonds or cash at the present time, but

I will loan you my note for $6,000. That is the situation.' . . . I said, 'I want this note. If I can get all the securities I need from Mr. Horgen, I will perhaps use it with Mr. Horgen, or at the bank, whichever place it is needed.' "

There is sufficient evidence to support the finding of the trial court that the note was properly pledged as collateral.

Plaintiff takes the position that even if the defendant bank was entitled to use Gannon's note as collateral security for the outstanding sight drafts in existence in January, 1936, assuming the bank was a holder for value before maturity and without notice of any wrongful assignment by defendant Lowe, that after these drafts had been retired, and after the maturity of the note, the note could not be retained, and that sight drafts drawn in July after the note had matured were not collateralized by the note. The trial court reached the conclusion that the extension of credit by the bank to Lowe to the extent of $12,000 was made, and that the indebtedness has never been satisfied, but has been a continuing indebtedness from Lowe to the bank in excess of Gannon's note from the date the note was pledged. The process by which drafts were paid and still the debt continued is as follows: Defendant Lowe was indebted to defendant bank in January, 1936, to the extent of $12,000, advanced to Lowe on four $3,000 sight drafts on a stock-purchasing house in Milwaukee, the proceeds of which had not yet been received by the bank. Lowe's balance in his checking account was negligible. Shortly after the pledge of the Gannon note as collateral, Lowe checked against his account and then deposited another $3,000 sight draft on the Milwaukee house to cover the resulting overdraft. Lowe immediately bought cattle, and trucked them to Milwaukee. The Milwaukee house then remitted payment on the sight draft, and, when this was received by defendant bank, it was credited against the indebtedness of Lowe to the bank on account of the unpaid sight draft of longest standing. This process was

repeated from time to time, with the result that he was always a borrower, but with respect to different sight drafts, and when the account was closed, there were four $3,000 drafts outstanding and unpaid. Plaintiff's contention that after the substitution of unpaid sight drafts for preceding sight drafts a payment of the indebtedness had occurred is not in accordance with the actual transaction.

*By the Court.*—Judgment affirmed.