## THE LUTHERAN FREE CHURCH AND OTHERS v. THE LUTHERAN FREE CHURCH (NOT MERGED) AND ANOTHER.

141 N. W. (2d) 827.

March 18, 1966—Nos. 39,574, 39,663.

*Wright, Storlie & Wanglie, F. Gordon Wright, Oliver Wanglie, Schroeder & Schroeder,* and *Francis E. Schroeder,* for appellants.

*Faegre & Benson, Armin M. Johnson,* and *Gordon G. Busdicker,* for respondents.

THOMAS GALLAGHER, JUSTICE.

On February 24, 1964, in an action in the District Court of Roseau County instituted by The Lutheran Free Church, The Board of Administration of The Lutheran Free Church, and The American Lutheran Church against The Lutheran Free Church (not merged) and Richard Snipstead, its secretary, the court ordered judgment permanently enjoining the defendants and their representatives and employees from using either the name "The Lutheran Free Church (not merged)" or the name "The Lutheran Free Church" or any name similar thereto; or from initiating or participating in any action under which any group shall seek to make use of either of said names or any name similar thereto.

The litigation arose out of certain procedures taken under the Fundamental Principles and Rules for Work of The Lutheran Free Church. (The Rules for Work in effect constitute the constitution and bylaws of this church.) Thereunder more than two-thirds of the congregations of The Lutheran Free Church voted to and did consummate a merger between it and The American Lutheran Church. Thereafter plaintiffs instituted this action asserting their right to use the name "The Lutheran Free Church" and prayed for an injunction enjoining defendants from any further use of that or any similar name, including the name "The Lutheran Free Church (not merged)."

The findings, made after a lengthy hearing, included the following:

The Lutheran Free Church, until consummation of its merger with The American Lutheran Church on February 1, 1963, was an unincorporated association of Lutheran congregations organized in 1897, at which time it had adopted through its Annual Conference certain Rules for Work, which in effect constituted its constitution and bylaws. In 1898 at its Annual Conference it adopted certain Fundamental Principles as guidelines or statements of its general policy, which were thereafter included in the Rules for Work.

The Board of Administration of The Lutheran Free Church is a Minnesota charitable corporation vested with title to and control of the real and personal property of The Lutheran Free Church. The American Lutheran Church is a Minnesota charitable corporation organized on January 1, 1961, and consists of an association of Lutheran congrega-

tions formerly of The Evangelical Lutheran Church; The United Evangelical Lutheran Church; and The American Lutheran Church.

The Lutheran Free Church (not merged), organized in the fall of 1962, is an unincorporated association of Lutheran congregations of The Lutheran Free Church which have declined to participate in or ratify the merger of The Lutheran Free Church and The American Lutheran Church. Richard Snipstead is secretary of this association.

The Lutheran Free Church originally adopted and maintained a congregational form of organization under which congregations rather than individuals comprised its membership. Each congregation owned its property, selected its pastor from a "clergy roster" maintained by the central church organization, and adopted its own form of local church organization.

The Annual Conference of The Lutheran Free Church was the main force giving direction to and having control over its affairs in the conduct of which the services of various affiliated organizations were used.

The doctrinal foundation of The Lutheran Free Church as established at the Annual Conference in 1897 was included in and remained a part of the Rules for Work. It required that congregations and members of such congregations must "unreservedly subscribe to the ancient ecumenical symbols, Luther's Small Catechism, and the Unaltered Augsburg Confession."

At its 1960 Annual Conference, The Lutheran Free Church duly adopted procedures which would lead to its merger with The American Lutheran Church. Pursuant thereto the 1961 Annual Conference of The Lutheran Free Church voted to enter into negotiations with The American Lutheran Church and to provide for a referendum vote of its member congregations to determine if two-thirds of them favored the merger. In the fall of 1961, more than two-thirds of the congregations comprising The Lutheran Free Church voted in favor of the proposed merger. At the 1962 Annual Conference of The Lutheran Free Church further merger procedures were approved, and thereunder the merger was consummated February 1, 1963.

The procedures for merger reserved to all member congregations their right to adhere to the Fundamental Principles of The Lutheran Free

Church and its Rules for Work. During the course of the merger procedures the will of the majority of the congregations at no time was imposed upon those congregations voting against or refusing to ratify such merger. Each, at all times, remained an independent congregation, continuing to own its own local church property and to act entirely independent of any association if it so desired.

The doctrinal beliefs of The Lutheran Free Church and The American Lutheran Church are identical, and while differences in the number of congregations comprising the two churches required some differences in organization, the polity of the two churches is substantially identical with the local congregations serving as the basic power within each church.

The name "The Lutheran Free Church," has been associated with plaintiff The Lutheran Free Church in excess of 60 years. The Board of Administration of The Lutheran Free Church has been known by that name for more than 35 years. Neither by the merger with The American Lutheran Church, nor by any action prior or subsequent thereto, have the rights of plaintiffs in the use of the name "The Lutheran Free Church" been surrendered or abandoned.

In its conclusions the court determined that the merger procedures described were valid and in compliance with the powers of the Annual Conference of The Lutheran Free Church and did in effect result in a valid merger and union between The Lutheran Free Church and The American Lutheran Church, which presently in all respects stands as lawful successor to The Lutheran Free Church and to all of its rights including the right to use the name The Lutheran Free Church as against all rival organizations such as defendants.

The Fundamental Principles and Rules for Work of The Lutheran Free Church as originally adopted and amended at its Annual Conferences, which are referred to in the findings above, include the following:

"A. *Fundamental Principles*

"1. According to the Word of God, the congregation is the right form of the Kingdom of God on earth.

\* \* \* \* \*

"3. According to the New Testament, the congregation needs an

external organization with membership roll, election of officers, stated times and places for its gatherings, and other similar provisions.

\* \* \* \* \*

"5. The congregation directs its own affairs, subject to the authority of the Word and the Spirit of God, and acknowledges no other ecclesiastical authority or government above itself.

\* \* \* \* \*

"10. Free congregations have no right to demand that other congregations shall submit to their opinion, will, judgment, or decision; therefore, domination by a majority of congregations over a minority is to be rejected.

"11. Agencies found desirable for conducting the joint activities of congregations, such as conferences, committees, officers, etc., cannot in a Lutheran Free Church, impose any obligations or restrictions, exert any compulsions, or lay any burden upon the individual congregation, but have the right only to make recommendations to, and requests of, congregations and individuals.

\* \* \* \* \*

"B. *Revised Rules for Work*

"1. The name of this association shall be 'The Lutheran Free Church.'

\* \* \* \* \*

"4. The Lutheran Free Church consists of congregations which in their constitutions, unreservedly subscribe to the ancient ecumenical symbols, Luther's Small Catechism, and the Unaltered Augsburg Confession, and which by congregational action accept the Principles and Rules for Work of the Lutheran Free Church and report the same to the secretary of the Board of Administration.

"5. The Lutheran Free Church shall hold an Annual Conference which usually opens the evening of the second Wednesday in June and which shall elect the necessary committees, evangelists, and officers and determine what church activities in particular it shall recommend to the congregations.

"6. The right to vote in the Annual Conference of the Lutheran Free Church shall be held by:

"a. The delegate or delegates elected by each congregation. The assignment of voting delegates to the congregations shall be on the following schedule:

"Congregations with 1 to 100 baptized members, one delegate.

"Congregations with 101 to 250 baptized members, two delegates.

"Congregations with 251 to 500 baptized members, three delegates.

"Congregations with 501 or more baptized members, four delegates.

"b. Pastors and theological professors listed in the official roster.

\* \* \* \* \*

"8. The Annual Conference shall make nominations for the Board of Administration. This Board shall consist of five members, three of whom shall be pastors and two laymen, one member shall be nominated each year for a term of five years.

"9. Duties of the Board of Administration.

"a) The Board of Administration shall seek to make known the Principles and Rules for Work of the Lutheran Free Church and further the discussion of the same throughout the congregations \* \* \*.

"b) It shall seek to have the congregations as fully and as generally represented at the Annual Conference \* \* \* as possible.

\* \* \* \* \*

"15. These Rules for Work may be amended in the following manner: A motion to make an amendment shall be presented in writing to the Annual Conference and shall be voted upon at the following Annual Conference. For the adoption of the motion a two-thirds majority of the votes cast is required."

The present appeals are from an order denying the motion of the defendants for amended findings or for a new trial and from the judgment. The motion in effect would have required a determination that the merger procedures adopted by plaintiff The Lutheran Free Church and plaintiff The American Lutheran Church were valid and lawful as to those congregations of The Lutheran Free Church which ratified or voted in favor of them, but were without prejudice to the rights of those individual congregations which had voted against them or which had refrained from any affirmative action with respect thereto. Accordingly

it would have been necessary to find that the latter continued to constitute The Lutheran Free Church as originally organized with the right to use such name and that the congregations ratifying such merger had thereby ceased to be members of The Lutheran Free Church and in effect had become members of The American Lutheran Church, losing any right individually or collectively to be known as The Lutheran Free Church. The motion sought judgment that under the merger proceedings a schism had occurred within The Lutheran Free Church by the withdrawal of a number of its congregations, which in effect constituted a voluntary repudiation on their part of the Fundamental Principles and Rules for Work of The Lutheran Free Church.

On appeal defendants set forth the questions presented substantially as follows:

(1) Have the 12 Fundamental Principles and Rules for Work of The Lutheran Free Church been lawfully amended so as to consummate its merger with The American Lutheran Church?

(2) Did the merger procedures which took effect for those congregations of The Lutheran Free Church which voted approval thereof leave the congregations of The Lutheran Free Church which had voted against it as The Lutheran Free Church with the right to use that name?

(3) Did the referendum vote on the merger, which resulted in more than two-thirds of the congregations of The Lutheran Free Church approving such merger, compel congregations voting against it to forfeit their rights as members of The Lutheran Free Church, or did such procedures constitute a schism on the part of the congregations voting therefor?

■ It is clear from the various documents submitted in evidence, including the Revised Rules for Work of The Lutheran Free Church, that the name "The Lutheran Free Church" was the name selected not by any particular congregation of this church but rather by an association comprised of all its congregations adhering to the beliefs set forth therein. Thus, section B.1 of the Rules for Work provides that *the name of this association shall be The Lutheran Free Church.* Section B.4 provides that The Lutheran Free Church *shall consist of congregations* which in their constitutions unreservedly subscribe to the ancient ecumenical

symbols, Luther's Small Catechism, and the Unaltered Augsburg Confession, and which by congregational action accept the Principles and Rules for Work of The Lutheran Free Church. Section B.5 specifically recognizes that the Annual Conference of The Lutheran Free Church shall recommend activities to the *congregations* of such church and section B.9 provides for the Board of Administration which in general is "to have charge of the Lutheran Free Church treasury." Under section B.15 specific provision is made for amendment to the Rules for Work only by "[a] motion * * * in writing to the Annual Conference * * * [which] shall be voted upon at the following Annual Conference. For the adoption of the motion a two-thirds majority of the votes cast is required." From the foregoing it cannot be doubted that long prior to the present merger proceedings the various congregations of The Lutheran Free Church had adopted rules and procedures whereby the right to the use of the name The Lutheran Free Church became vested in an association comprised of all such congregations as reported by its Annual Conference.

■ Here defendants are comprised of some of the congregations of The Lutheran Free Church which declined to merge with The American Lutheran Church; certain individuals not members of any member congregation but formerly members of a congregation; other individuals withdrawn from The American Lutheran Church; and certain congregations and individuals not affiliated with The Lutheran Free Church. They have formed an association and adopted organizational rules similar to those of The Lutheran Free Church, although the exact nature of the new association and its precise doctrinal basis are not fully disclosed by the evidence. The new association requires adherence to the ancient ecumenical symbols, Luther's Small Catechism, and the Unaltered Augsburg Confession, but also appears to require adherence to the belief that each word of the Bible must be accepted as literally true. As indicated, prior to this litigation, this association was using the name The Lutheran Free Church (not merged).

These factors and the evidence described require affirmance of the trial court's findings and conclusions. It is well established that a new association such as defendants' cannot adopt a name so similar in terms

to that of an existing association that its use may result in confusion. 18 C. J. S., Corporations, § 167; 18 Am. Jur. (2d) Corporations, § 146; 4 Dunnell, Dig. (3 ed.) § 1971; Purcell v. Summers (4 Cir.) 145 F. (2d) 979; Annotation, 27 A. L. R. (2d) 954. Nor does the fact that an older organization is not presently using a name under which it has done business and to which goodwill has become attached give to a new association the right to appropriate to itself such name and the goodwill attached, which rightfully belong to the former. Referring to the principle that such a procedure would imply misrepresentation, the court in Purcell v. Summers (4 Cir.) 145 F. (2d) 979, 986, stated:

"* * * [T]his is just as truly present when seceding members use the name of an organization which has recently merged with another under a new name as when the use of the old name has been continued. The harmful effect of the unfair competition is probably greater in the former case than in the latter; for, where the old organization is operating under a new name, opportunity is presented for doing what the defendants attempted in this case, i. e. for presenting itself to those who are devoted to the old organization as the real survival of that organization."

■ Further, in the instant case there can be no question that under the Rules for Work of The Lutheran Free Church a valid merger with The American Lutheran Church was consummated. The merger procedures adopted at the Annual Conference of The Lutheran Free Church were carried out with exactitude under the resolutions adopted at the Annual Conference and were in full accord with the Rules for Work of such church. Thereunder it seems clear that the property of The Lutheran Free Church and the right to use such name became vested in the merged organization. This fact, coupled with the absence of any right on the part of defendants to adopt and assume this name, would of itself compel affirmance of the trial court's determination.

■ Defendants, however, also base their contention that a valid merger did not occur on the ground that the merger called for a deviation in doctrine in that the majority of congregations have thereby imposed their will upon a minority of such congregations in violation of the guiding principles of The Lutheran Free Church in so far as they relate to the independence of member congregations. It is their contention

that under the Rules for Work unanimous congregational approval of the merger was required for otherwise the result would be a domination of the minority by a majority of the congregations. That this contention is inconsistent with the Rules for Work of The Lutheran Free Church is manifested by provisions which specifically provide that Rules for Work may be amended at the Annual Conference by a two-thirds majority of the votes cast. In adopting this provision, the various congregations must have recognized that thereunder a majority of the congregations possessed the right to do the things done here by a vote of two-thirds of the congregations. Further, the merger procedures did not in any way detract from the freedom of individual congregations not wishing to acquiesce. The merger agreement contains express provisions guaranteeing the respective congregations complete freedom to withdraw from The American Lutheran Church and to assert their freedom and independence by refusing participation in the programs of the merged church. This is entirely consistent with the independence guaranteed by the Rules for Work of The Lutheran Free Church.

■ Defendants further contend that as a result of the merger there will be a doctrinal difference between the two churches and that hence a schism has occurred authorizing them to continue the use of the name here involved. It is their contention that this deviation in doctrinal principles arises from the fact that while The Lutheran Free Church requires a literal interpretation of all books of the Bible, The American Lutheran Church permits its members to place a symbolic interpretation thereon. In opposition to this contention, plaintiffs submitted the testimony of Dr. John Stensvaag, former president of The Lutheran Free Church, and Dr. F. A. Schiotz, president of The American Lutheran Church, which in substance was to the effect that whether all parts of the Bible should be interpreted literally or symbolically is not a matter of doctrine under the Rules for Work of either The Lutheran Free Church or The American Lutheran Church. Reverend John Strand, president of the defendant association, testified for defendants on this issue. In substance his testimony was that a literal interpretation of all parts of the Bible is required by "The Minneapolis Thesis" (to which The Lutheran Free Church subscribes) in which it is provided:

"The synods signatory to these Articles of Agreement accept without exception all the canonical books of the Old and New Testaments as a whole and in all their parts, as the divinely inspired, revealed, and inerrant Word of God, and submit to this as the only infallible authority in all matters of faith and life,"

and which would constitute a doctrinal principle under which a literal interpretation of the Bible is required of members of The Lutheran Free Church.

Assuming that this testimony would support a finding that a literal interpretation of the Bible constitutes a doctrinal principle of The Lutheran Free Church, it is significant that the quoted portion of the "Minneapolis Thesis" has been incorporated in the constitution of The American Lutheran Church as part of the latter's statement of doctrine. It follows that if defendants' construction of the above quotation is correct, then the majority of the congregations which are now part of The American Lutheran Church adhere to the doctrinal principle that there be a literal interpretation of all parts of the Bible. Therefore they are in full accord with defendants' position that such a belief must be a fundamental doctrine of The Lutheran Free Church.

But as the trial court found and as the evidence clearly indicates—

"* * * there is nothing in the record * * * to support a finding that the Lutheran Free Church which * * * required a literal interpretation of the Bible as part of its doctrinal beliefs undertook to merge with The American Lutheran Church which required a symbolical interpretation of the Bible as part of its doctrinal beliefs. All the record discloses is that there was a difference of opinion on this question * * *. Even if this difference of opinion constituted a difference in doctrinal beliefs, and I hold that it did not, I have no basis for attributing any particular opinion to the majority of congregations which comprised the Lutheran Free Church."

Based upon such evidence and legal principles applicable, we conclude that there was nothing in the actions of the majority of the congregations of The Lutheran Free Church in merging with The American Lutheran Church that constituted a schism or a deviation from doctrinal beliefs

either with respect to the Rules for Work or the fundamental doctrinal beliefs of The Lutheran Free Church. See, Lindstrom v. Tell, 131 Minn. 203, 154 N. W. 969; Mattson v. Saastamoinen, 168 Minn. 178, 209 N. W. 648.

■ It would follow that plaintiffs having strictly complied with the Rules for Work of The Lutheran Free Church in merging with The American Lutheran Church; and in so doing not having been shown to have deviated from or altered the fundamental doctrine beliefs of The Lutheran Free Church or otherwise imposed their will upon the minority of congregations choosing not to join with them in the merger proceedings, the order and judgment appealed from must be affirmed.

Affirmed.